

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

This Opinion
Overrules Opinions
O-1871 & O-2857 in part
and # 10-805 7 in toto

Honorable W. K. McClain
Criminal District Attorney
Georgetown, Texas

Dear Sir:

Opinion No. O-4091
Re: Justices of the Peace - Con-
stables - Fees of office -
Article 1071, C. C. P., is
unconstitutional.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Will you please give me an opinion on the liability of the County on the following hypothetical case:

"Where a complaint has been filed in the Justice Court for the violation of Article I Section 4.(b) of the Texas Liquor Control Act; a warrant of arrest is issued; the Constable executed the warrant, and brought the defendant before the Justice of the Peace; an examining trial is held, and the defendant is committed to jail; the complaint is transferred to the County Court, and there docketed; the defendant is brought before the Judge on the complaint and information filed, and is assessed a fine of $100.00 and cost, and on his plea of guilt, is committed to the jail, where he lays the same out at the rate of $3.00 per day.

"QUESTION: Is the county lawfully and legally liable for one-half of the fees charged by the Justice of the Peace and Constable under Article 1071 and 1072 of the Code of Criminal Procedure?

Honorable W. K. McClain, Page 2

"The second question I would like to have your department answer is: Is Article 1071 of the Code of Criminal Procedure a violation of any constitutional provisions.

"The third question is: Is the County liable to the Justice of the Peace and Constable for the fees in the Justice Court, where the complaint is dismissed in the County Court. In other words, if five or six cases should be filed against one defendant, and the defendant agreed to plead guilty in one case, and the State dismissed the other four cases, is the County liable to the Justice of the Peace and Constable for the four cases dismissed."

Article 1055, V. A. C. C. P., reads as follows:

"The county shall not be liable to the officer and witness having costs in a misdemeanor case where defendant pays his fine and costs. The county shall be liable for one-half of the fees of the officers of the Court, when the defendant fails to pay his fine and lays his fine out in the county jail or discharges the same by means of working such fine out on the county reads or on any county project. And to pay such half of costs, the County Clerk shall issue his warrant on the County Treasurer in favor of such officer to be paid out of the Road and Bridge Fund or other funds not otherwise appropriated."

Article 1072, V. A. C. C. P., reads as follows:

"Sheriffs and constables serving process and attending any examining court in the examination of a misdemeanor case shall be entitled to such fees as are allowed by law for similar services in the trial of such cases, not to exceed three dollars in any one case, to be paid by the defendant in case of final conviction."

Opinions Nos. O-1823, O-2877 and O-3057 of this department passed on your first question. These opinions answer

447

your first question in the affirmative. However, in these opinions no question was raised as to the constitutionality of Article 1071, V. A. C. C. P. This department, however, in answering the question in the affirmative with respect to Justices of the Peace expressly stated, in opinions Nos. 0-1823 and 0-3057, that this department did not pass on the constitutionality of Article 1071. We enclose herewith copies of said opinions for your information.

Your second question directly raises the constitutionality of Article 1071, V. A. C. C. P., and we will proceed to answer this question.

Article 1071, V. A. C. C. P., reads as follows:

"Justices of the peace who sit as an examining court in misdemeanor cases shall be entitled to the same fees allowed by law to such justices for similar services in the trial of such cases, not to exceed three dollars in any one case, to be paid by the defendant in case of final conviction."

We perceive from this article that the justice's right to compensation depends upon the final conviction of the defendant. If the justice binds the defendant over to the court having jurisdiction of the offense, and the defendant is finally convicted the justice will receive remuneration. If the justice does not bind the defendant over, he will not receive any remuneration. Does the justice have any pecuniary interest in binding over the defendant? We think so because this is the only way in which he has any chance to receive remuneration under Article 1071, V. A. C. C. P.

Article 5, Section 11, of our State Constitution provides:

"No judge shall sit in any case wherein he may be interested."

The case of Ex parte Kelley, 10 S. W. (2d) 728, held Article 1066, C. C. P., 1925, unconstitutional as being in violation of Article 5, Section 11 of our State Constitution. This article allowed fees to justices of the peace in cases of conviction of defendants and allowed none for acquittals.

We quote from the case of Ex Parte Owens, 13 S. W. (2d) 372, as follows:

"On December 1, 1927, a judgment of conviction was entered against appellant in the county court of Nacogdoches county for the offense of disturbing religious worship, and a fine of $25 was therein assessed, together with $150.05 costs. On the 22d day of December, 1927, a capias pro fine was issued under such judgment and appellant arrested. Thereafter she sued out a writ of habeas corpus, and was remanded on a hearing to the custody of the sheriff of Nacogdoches County, from which judgment she has appealed.

"Appellant presents the point that she is illegally restrained, in that she was convicted in the justice court of Nacogdoches county on a trial had before a justice of the peace who had taken the complaint against appellant and who was disqualified by virtue of his interest in the matter arising from the fact that his compensation depended solely upon a conviction, and that from a judgment finding her guilty in such justice court she appealed to the county court with the result aforesaid.

"The agreed statement of facts appearing in the record is somewhat ambiguous, but it is fairly inferable therefrom that the aforesaid prosecution in the county court of Nacogdoches county, Tex., was but a continuation of the void proceeding in justice court, and that appellant was tried and convicted upon the complaint only brought up from said justice court. The record further shows that, of the costs assessed against appellant, the amount of $54 was justice court costs, part of which were claimed by and taxed for the justice of the peace before whom relator was originally tried. It has been pointedly decided in the case of Ex parte Kelly (Tex. Cr. App.) 10 S. W. (2d) 728, that a justice of the peace is disqualified to try criminal cases under

Honorable W. K. McClain, Page 5

the law as it existed prior to said opinion
which granted to him fees only in the event
of conviction. See, also, Ex parte Taylor
West (No. 10995 Tex. Cr. App.) 12 S. W. (2d)
216, decided December 19, 1928, not yet offi-
cially reported.

"The appellant having brought herself
within the rule laid down in these cases
makes it our duty to order her discharge for
the reasons which have already been fully
stated and which we do not feel it necessary
to here repeat."

In answer to your second question we respectfully
advise that it is our opinion that Article 1071, V. A. C. C. P.,
is in violation of Article 5, Section 11 of our State Consti-
tution and therefore unconstitutional.

It follows that opinions Nos. O-1823, O-2877 and
O-3057 of this department should be overruled in so far as
they allow fees to justices of the peace under Article 1071,
V. A. C. C. P. We think opinions Nos. O-1823 and O-2877 are
correct in so far as they apply to constables. This answers
your first question.

In answer to your third question it is our opinion
that the county would not be liable to the constable for dis-
missed cases, for in such instances the defendant would not
be convicted and would have no fines to lay out or work out
as contemplated by Article 1055, V. A. C. C. P., and as pointed
out above the justices of the peace would be entitled to no fees
whatever under Article 1071, V. A. C. C. P.

Opinion No. O-3057 is hereby overruled in its entirety.
Opinion Nos. O-1823 and O-2877 of this department are overruled
in so far as they conflict with this opinion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED OCT 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

JF:GO

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN